## Cornelius Fugate, Appellee, v. L. C. Orndorff et al., Appellants.

Injunctions—*propriety of to maintain status quo.* An injunction is properly granted and properly continued in force where to refuse to

Fugate v. Orndorff, 162 Ill. App. 180.

grant it or to dissolve it would result in a denial of all relief in the action as a result of which it is granted.

Bill for injunction. Appeal from the Circuit Court of Coles county; the Hon E. R. E. Kimbrough, Judge, presiding. Heard in this court at the May term, 1910. Affirmed. Opinion filed May 26, 1911.

James W. & Edward C. Craig, for appellants; Voigt & Brookings, of counsel.

Andrew L. Chezem and H. A. Neal, for appellee.

Mr. Justice Philbrick delivered the opinion of the court.

The appeal in this case is prosecuted from an interlocutory order of the circuit court of Coles county overruling a motion to dissolve a temporary injunction issued in this cause. The bill is brought by appellee against the commissioners of highways to restrain them from cutting down and destroying a hedge fence alleged to be the property of complainant, which defendants contend is located within the boundaries of the highway. The temporary injunction restrained defendants from interfering with the hedge until further order of the court. Defendants filed their answers denying all of the allegations of this bill which are material to a recovery, and present issues of fact upon the averments in the bill of complaint. A motion to dissolve the injunction was heard upon affidavits submitted, and after hearing the motion and considering the proof offered, the motion to dissolve the temporary injunction was denied. This appeal is prosecuted from the interlocutory order denying the motion to dissolve the temporary injunction. This cause is not in this court for determination on the merits; the facts in dispute have not been determined by the trial court, and the only question involved by this appeal is whether or not the trial court erred in denying the motion to dissolve the temporary injunction. The bill and answer present issues which should be determined only upon hearing. The answers in no way deny that the highway commissioners intended to and would have, if not restrained by this injunc-

tion, removed and destroyed this hedge as alleged in the bill of complaint, and without the benefit of the temporary injunction to restrain them from so doing, pending a hearing upon the issues of fact involved, the complainant, if successful, would derive no benefits upon the final hearing, and the only manner in which he can maintain his rights, if the allegations in his bill are true, is by continuing the injunction in force until a final hearing upon the merits. For the trial court to have dissolved the injunction upon the motion would have deprived appellee of all rights claimed in the bill. The cause should be heard upon its merits and the temporary injunction maintained until a final disposition of the cause.

The trial court did not err in entering an interlocutory order denying the motion to dissolve the temporary injunction and its order in that regard is affirmed.

*Affirmed.*